UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-22800-Civ-COOKE

CORDARIUS BENJAMIN,

    Plaintiff,

vs.

THE CITY OF MIAMI, et al.,

    Defendants.

_____/

**OMNIBUS ORDER ON MOTIONS TO DISMISS**

THIS MATTER is before me on the City of Miami's Motion to Dismiss Counts I and II (ECF No. 3) and Defendant Detective Yamir Borrego's Motion to Dismiss Complaint and Motion to Strike (ECF No. 12). For the reasons provided herein, the Motions are granted in part.

**FACTUAL BACKGROUND**

Plaintiff Cordarius Benjamin has asserted against the City of Miami and Detective Yamir Borrego claims for false arrest and false imprisonment (apparently under state law), and a claim for deprivation of civil rights under 42 U.S.C. § 1983. The alleged false arrest occurred on July 5, 2010, and resulted in Plaintiff's incarceration until July 29, 2010. Plaintiff alleges that he was walking towards his home when police officers approached him with guns drawn and informed him that he matched the description of a robbery suspect, and they were going to transport the victims to his location to determine whether the victims would identify him as the assailant. According to Plaintiff, the crime allegedly occurred two blocks from his home. The victims subsequently arrived for the "show up." One victim stated that Plaintiff "looked like" the assailant, while the other did not. Plaintiff called his mother, who also arrived at the scene and

1

insisted with police officers that her son could not have been the assailant because he had been at home just moments before, he was an honor student at Coral Gables High, and he was still wearing his workout clothes from football practice. The police nonetheless transported Plaintiff to the police station to be interviewed. He was subsequently arrested, booked and charged with two counts of armed robbery of a residence, a non-bondable offense.

Plaintiff alleges he sent a pre-suit notice letter to the City of Miami on July 7, 2014, pursuant to Fla. Stat. § 768.28(6)(b).

### LEGAL STANDARD

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003). Thus, dismissal is appropriate where a complaint, on its face, establishes the failure to comply with a condition precedent. *Fletcher v. City of Miami*, 567 F. Supp. 2d 1389, 1393 (S.D. Fla. 2008). Moreover, when a defendant asserts the defense of qualified immunity, "unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 733 (11th Cir. 2010) (internal quotation marks omitted).

### ANALYSIS

I.   **City of Miami's Motion to Dismiss**

The City of Miami moves to dismiss Count I (false arrest) and Count II (false imprisonment) against it, on the ground that Plaintiff failed to timely comply with a condition precedent to maintaining an action against the City of Miami.

In order to institute an action against the City of Miami, a claimant must present the claim in writing to the appropriate agency and the Department of Financial Services (the "Department") within three years after the cause of action accrues and the Department denies the claim in writing. Fla. Stat. § 768.28(6)(a). This pre-suit notice requirement is a condition precedent to maintain an action against the City of Miami. § 768.28(6)(b). "Where the time for such notice has expired so that it is apparent that the plaintiff cannot fulfill the requirement, the trial court has no alternative but to dismiss the complaint with prejudice." *Fletcher*, 567 F. Supp. 2d at 1393 (quoting *Wagatha v. City of Satellite Beach*, 865 So. 2d 620, 622 (Fla. 5th DCA 2004)); *Broward County Sch. Bd. v. Joseph*, 756 So. 2d 1077, 1078 (Fla. 4th DCA 2000) (strict compliance with § 768.28(6) is required).

Here, Plaintiff's false arrest and false imprisonment claims accrued in July 2010. *See Smith v. Mercer*, 580 F. App'x 871, 872 (11th Cir. 2014). Thus, the pre-suit notice letter had to be submitted on or before July 2013. The Complaint, on its face, establishes that the pre-suit notice letter was not sent until July 7, 2014, one year after the three-year deadline had passed. Failure to strictly comply with § 768.28(6) is fatal to Plaintiffs' claims "because he can never satisfy the conditions precedent to filing suit" against the City of Miami. *Joseph*, 756 So. 2d at 1078. Accordingly, Counts I and II against the City of Miami are dismissed with prejudice.

II.     **Detective Yamir Borrego's Motion to Dismiss**[1]

     **A. False Arrest and False Imprisonment Claims**

Detective Borrego moves to dismiss the false arrest and false imprisonment claims against him on the basis of qualified immunity. These claims appear to arise out of state law,

---

[1] Plaintiff failed to file a response to Detective Borrego's motion to dismiss, and the time to do so has passed. Under Local Rule 7.1(c), this is sufficient cause to grant the motion by default. *See Young Apartments, Inc. v. Town of Jupiter, Fla.*, 503 F. App'x 711, 726 (11th Cir. 2013). Nonetheless, I have carefully considered the motion on its merits, and I find that the motion should be granted in part.

3

although the Complaint is not clear on this point. In any case, the existence of probable cause at the time of arrest constitutes an absolute bar to a false arrest or false detention claim under state law and 42 U.S.C. § 1983. *Sullivan v. City of Pembroke Pines*, 161 F. App'x 906, 908 (11th Cir. 2006) (quoting *Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir. 1998)). "Florida law and federal law apply the same standard to determine whether probable cause exists." *Id*.

"Probable cause to arrest exists where the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *Marx v. Gumbinner*, 905 F.2d 1503, 1506 (11th Cir. 1990) (quoting *Brinegar v. United States*, 338 U.S. 160, 175-76 (1949)) (internal quotation marks omitted). "Probable cause does not require overwhelmingly convincing evidence, but only reasonably trustworthy information, and probable cause must be judged not with clinical detachment but with a common sense view to the realities of normal life." *Id*. (internal quotation marks and citations omitted).

"To receive qualified immunity, an officer need not have actual probable cause, but only 'arguable' probable cause." *Brown*, 608 F.3d at 734. Arguable probable cause exists when reasonable officers in the same circumstances and possessing the same knowledge as the arresting officer could have believed that probable cause existed to arrest. *See Lee v. Ferraro*, 284 F.3d 1188, 1195 (11th Cir. 2002). In applying this analysis, a court takes "the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Delgado v. Miami-Dade Cnty.*, 456 F. Supp. 2d 1234, 1237 (S.D. Fla. 2006) (quoting *Graham v. Connor*, 490 U.S. 386, 396-97 (1989)). Moreover, "[e]ven law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity." *Brown*, 608 F.3d at

4

735 (quoting *Hunter v. Bryant,* 502 U.S. 224, 227 (1991)).  This standard is objective and "does not include an inquiry in to the officer's subjective intent or beliefs." *Id*.

It is undisputed that Detective Borrego was a government official performing discretionary functions at the time of the conduct at issue. (*See* Compl. ¶ 3.)  Plaintiff's complaint allegations demonstrate the existence of probable cause to arrest:  Plaintiff was detained blocks away from the crime scene, he allegedly fit the description of the assailant, and one victim identified Plaintiff as the possible assailant.  (Compl. ¶¶ 9–14, 15.)  Generally, an officer may rely on a victim's statement to support probable cause.  *See Rankin v. Evans*, 133 F.3d 1425, 1441 (11th Cir. 1998).  The fact that Detective Borrego did not credit Plaintiff's mother's insistence on Plaintiff's innocence or conduct a thorough investigation at the time of arrest does not divest Detective Borrego of probable cause.  *Hendricks v. Sheriff, Collier County, Florida*, 492 F. App'x 90, 94 (11th Cir. 2012).  Although the witness's identification of Plaintiff as the assailant may have turned out to be mistaken, Detective Borrego had probable cause to arrest and detain Plaintiff, considering the totality of the circumstances (i.e., that Plaintiff was found near the crime and matched a general description of the assailant). *See Vickers v. Georgia*, 567 F. App'x 744, 747 (11th Cir. 2014).  Accordingly, Counts I and II against Detective Borrego are dismissed with prejudice.[2]

### B.  Deprivation of Civil Rights, 42 U.S.C. § 1983

Detective Borrego also moves to dismiss Count III of the Complaint, titled "Claim against the City of Miami and Borrego for the Deprivation of [Plaintiff's] Civil Rights," for failure to state a claim and based on qualified immunity.  This count does not incorporate any of

---

[2] To the extent Plaintiff intended to sue Detective Borrego in his official capacity, such claims would be dismissed with prejudice as well.  Claims against Detective Borrego in his official capacity are duplicative of the claims against the City.  *Brown v. Neumann*, 188 F.3d 1289, 1290 (11th Cir. 1999); *Mack v. Loizzo*, 08-20181-CIV, 2009 WL 909427, at *2 (S.D. Fla. Apr. 3, 2009).

the prior alleged facts by reference and, in the four paragraphs that make up the count, states vague, conclusory allegations about the deprivation of constitutional rights without specifying what rights are involved. I cannot discern from the allegations whether this is a false arrest claim, a false imprisonment claim, or something else. Without the benefit of a well-pled claim, I cannot determine whether Detective Borrego is entitled to qualified immunity. Accordingly, Count III is dismissed without prejudice, with leave to amend.

## CONCLUSION

For the reasons provided, it is **ORDERED and ADJUDGED** as follows:

1. The City of Miami's Motion to Dismiss Counts I and II (ECF No. 3) is **GRANTED**. Counts I and II against the City of Miami are **DISMISSED with prejudice**.

2. Defendant Detective Yamir Borrego's Motion to Dismiss Complaint and Motion to Strike (ECF No. 12) is **GRANTED in part and DENIED in part**. Counts I and II against Detective Borrego are **DISMISSED with prejudice**. Count III is **DISMISSED without prejudice**, with leave to amend no later than March 27, 2015. The Motion to Strike is **DENIED**.

**DONE and ORDERED** In Chambers at Miami, Florida on this 10th day of March, 2015.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:

*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*